## 7647

### TUCKER v. GAINES.

CONTRACT.—A letter to A, "I have agreed to take up B's papers due you when he moves or when he gathers his crop with you. You can come up and transfer me your papers," refers to a contract between B and the writer, and A cannot maintain an action on it against the writer. Can A maintain an action if he can show the contract was for his benefit?

Before DeVore, J., Pickens, October term, 1908. Affirmed.

Action by J. B. Tucker against R. G. Gaines. From judgment for defendant, plaintiff appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant, cite: *Parol evidence to show the contract between defendant and Brownlee was improperly admitted:* 79 S. C., 62; 71 S. C., 152; 77 S. C., 464; 52 S. C., 154; 45 S. C., 184; *Savage* v. *Kinloch,* 1 Speer. Eq.; 3 Brev., 17; 2 Bail., 56; 3 McC., 159, 162; 1 McC., 486. *Judge should have construed the letter:* 81 S. C., 226. *Judge is not required to admit evidence in support of irrelevant allegations:* 78 S. C., 482.

*What binds a party on his promise to pay the debt of another:* 12 Rich., 201; 29 S. C., 14; 1 Rich., 215; 3 McC., 159, 162; 1 McC., 486; 25 S. C., 415; 68 S. C., 376; 77 S. C., 460.

*Mr. J. P. Carey,* contra, cites: *Letter was not a contract. Parol admissible to show there was none:* 1 Am. St. R., 111; 71 Am. St. R., 235; 99 Am. St. R., 456; 13 S. C., 94; 25 S. C., 514; 9 Cyc., 464, 353; 28 N. E., 1028; 7 Ency., 138. *Letter was ambiguous and parol was admissible to clear it up:* 9 Ency. Ev., 465; 44 Fed. R., 183; 69 N. E., 896; 23 N. E., 890; 22 S. C., 9; 16 S. C., 357; 8 Rich., 35; 41 S. C., 163.

August 2, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. In 1906 L. H. Brownlee, while a tenant on plaintiff's plantation, became indebted to him in the sum of $205 for a mule, for which plaintiff held his note and a mortgage on the mule. He was also in debt to plaintiff for advances made during the year, to secure which, plaintiff held liens on his crop and a mortgage on his cow. On settlement, it was found he owed plaintiff $366.48.

Brownlee having agreed with defendant to move to his place, defendant wrote plaintiff, on November 14, 1906, as follows: "Dear Sir: I have agreed to take up one L. H. Brownlee's papers due you when he moves or when he gathers his crop with you. You can come up and transfer me your papers. Trust this will be satisfactory."

Brownlee moved to defendant's place, carrying with him the mule and cow and, perhaps, some of his crop. On December 22, 1906, plaintiff tendered to defendant Brownlee's papers, duly assigned to defendant, and demanded payment of the amount due thereon. Defendant refused, stating that he had agreed with Brownlee to take up only the mule debt, and this he offered to do.

Plaintiff then brought this action, alleging a contract between himself and defendant, whereby defendant agreed to pay Brownlee's indebtedness to him. The judgment below was for defendant.

As the action was brought on an alleged contract between plaintiff and defendant, plaintiff cannot recover upon the theory that a contract was made by defendant with Brownlee for his benefit, because that is not the contract sued on. And, moreover, in that view of the case, it would be necessary for plaintiff to prove such a contract, and he would be bound by all of its terms. There is no testimony, outside of defendant's letter, tending to show that he agreed with Brownlee to do more than take up the mule debt, and it is admitted that he offered to do that.

Therefore, it is necessary to consider only whether the letter evidences a contract between plaintiff and defendant.

We think the proper construction of the letter is that it merely informed plaintiff that defendant had agreed to take up Brownlee's papers. The words "I have agreed" clearly refer to an agreement already made, but not with plaintiff, for it was admittd that there had been no prior agreement or negotiation between plaintiff and defendant; and the only agreement of which there was any testimony was the one with Brownlee. Clearly, therefore, that was the agreement to which the defendant's letter had reference. It was, therefore, not an agreement with plaintiff, and affords him no cause of action, unless, as we have said, he can show that it was made for his benefit; and, in that event, he would be bound by all the terms of the agreement between defendant and Brownlee.

Judgment affirmed.